IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-22-D

| | | |
|---|---|---|
| RHONNA M. KELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE DEPARTMENT OF THE NAVY, | ) | |
| | ) | |
| Defendant. | ) | |

On January 28, 2013, Rhonna M. Kelson ("Kelson" or "plaintiff"), filed an application to proceed in forma pauperis [D.E. 1] and a complaint [D.E. 1-1] against the Department of the Navy under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680. Kelson asserts that she was injured while walking on the Camp Lejeune military base and seeks monetary damages. Compl. 2–3. On February 11, 2013, the court allowed Kelson leave to proceed without prepayment of the filing fee [D.E. 3].

On June 12, 2013, defendant filed a motion to dismiss [D.E. 12] and argued that Kelson's FTCA claim is time-barred. See [D.E. 13] 4. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Kelson about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 14]. On July 2, 2013, Kelson filed a response in opposition [D.E. 15]. As explained below, the court grants the government's motion to dismiss.

I.

The government seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Mot. Dismiss 1. Under Rule 12(b)(1), plaintiff bears the burden of establishing federal jurisdiction. See Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Adams v. Bain, 697 F.2d 1213, 1219 (4th

Cir. 1982). When a Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject-matter jurisdiction may be based, the court assumes the facts in the complaint to be true. Kerns, 585 F.3d at 192. Where the Rule 12(b)(1) motion attacks the existence of subject-matter jurisdiction, the court may go beyond the allegations of the complaint and weigh the evidence to determine the existence of jurisdiction. Id.

On December 27, 2010, between 8:30 and 9:00 a.m., Kelson was walking on the Camp Lejeune military base after a recent snowfall. Compl. 2. Kelson had taken similar frequent walks on the base for six years, in many different types of weather. Id. "There wasn't anything posted warning [Kelson] that it was danger[ou]s for [Kelson] to walk on the path." Id. After walking 2.5 miles, Kelson "slipped on what appeared to be black ice" and sustained injuries, including broken bones and ongoing chronic pain. Id. On August 15, 2011, Kelson filed an administrative tort claim pursuant to the FTCA. Mem. Supp. Mot. Dismiss 1. On July 16, 2012, the Navy denied the claim because "[t]he freezing and snowy condition of the pathway was obvious and apparent at the time of [her] slip and fall." Id., Ex. 1 at 1 (7/16/12 letter denying claim). Apparently, Kelson did not receive the letter, and on July 30, 2012, the Navy mailed a second letter to Kelson. Id., Ex. 2 (7/30/12 letter denying claim). On January 28, 2013, Kelson filed this action.

The government argues that Kelson failed to file this action within six months of its final notice of denial. Mem. Supp. Mot. Dismiss 3–4. Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The FTCA constitutes a waiver of sovereign immunity and is strictly construed. United States v. Kubrick, 444 U.S. 111, 117–18 (1979).

Moreover, the time requirements in section 2401(b) are jurisdictional and may not be waived. See, e.g., Kontrick v. Ryan, 540 U.S. 443, 453 n.8 (2004); Kubrick, 444 U.S. at 117–18; Ahmed v. United States, 30 F.3d 514, 516–17 (4th Cir. 1994); Gould v. U.S. Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990) (en banc); Penn Millers Ins. Co. v. United States, 472 F. Supp. 2d 705, 710–11 (E.D.N.C. 2007).[1]

Defendant argues that Kelson was required to commence this action within six months of July 16, 2012, the date it mailed its first letter denying her claim. Mem. Supp. Mot. Dismiss 4. Kelson objects and relies on the second letter, which the Navy mailed on July 30, 2012, as starting the 6-month window. Kelson adds that she "called several government agencies to get the answer" for the time in which to file her complaint, but received inadequate responses. Resp. Opp'n Mot. Dismiss 2.

Kelson's argument fails. See Zander v. United States, 843 F. Supp. 2d 598, 606–07 (D. Md. 2012) (rejecting plaintiff's argument that letter mailing triggered six-month filing period where "[t]he United States mailed the March 16 letter to the address it had on file . . . , the letter was marked 'returned to sender' and . . . returned to the United States," and the United States "redated the letter and mailed it to the forwarding address" on April 8), aff'd, 494 F. App'x 386 (4th Cir. 2012) (per curiam) (unpublished); Youlo v. United States, No. 12-3135, 2013 WL 4479199, at *4 (E.D. Pa. Aug. 21, 2013) (unpublished) ("Plaintiff does not and cannot dispute the fact that the USPS sent the notice of claim denial on June 6, 2011. Plaintiff only disputes receipt of this notice. This is not relevant for purposes of determining the limitations period for the filing of her FTCA claim.");

---

[1] Not every statute of limitations affects subject-matter jurisdiction. See, e.g., Eriline Co. v. Johnson, 440 F.3d 648, 653–56 (4th Cir. 2006). However, the FTCA's statute of limitations does. See, e.g., Kontrick, 540 U.S. at 453 n.8; Kubrick, 444 U.S. at 117–18; Gould, 905 F.2d at 741.

3

Hollman v. Bartlett, No. 08-CV-1417(NGG)(ALC), 2011 WL 4382191, at *7 (E.D.N.Y. Aug. 26, 2011) (unpublished), report and recommendation adopted sub nom. Hollman v. Lindsay, 2011 WL 4382359 (E.D.N.Y. Sept. 20, 2011) (unpublished); Pascarella v. United States, 582 F. Supp. 790, 792 (D. Conn. 1984). To the extent Kelson relies on the alleged failure of government agencies to help her figure out when to commence a federal action, she has not presented any allegations warranting equitable tolling in light of the language in the letter. See, e.g., Gould, 905 F.2d at 745 ("[T]here is no evidence that the government stalled the discovery process or otherwise blocked plaintiffs from obtaining information within the limitations period."). Accordingly, the action is time-barred, and this court lacks subject-matter jurisdiction.

II.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 12]. The clerk shall close the case.

SO ORDERED. This 15 day of November 2013.

JAMES C. DEVER III
Chief United States District Judge